IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARLON JERMAINE DICKERSON | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Marlon Jermaine Dickerson, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's claim of ineffective assistance of counsel is without merit.

PROCEDURAL HISTORY

In 2009, the defendant was indicted, along with 29 co-defendants, in a large-scale cocaine conspiracy case. The defendant pled guilty to the lesser included charge in Count 1 of the superseding indictment which charged conspiracy to possess with intent to distribute and distribute 5 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. In exchange for cooperation, the government agreed to dismiss the remaining charges, which reduced the statutory mandatory minimum sentence to 10 years with a maximum of Life. The defendant originally faced a statutory mandatory Life sentence under Count 1 based on his two prior felony drug convictions which the government

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

outlined in an information filed under 21 U.S.C. § 851. The defendant stipulated to the prior two felonies and waived his right to appeal.

In his Presentence Report (PSR), Dickerson's criminal history category was I and his total offense level 29. Although he had several prior convictions, including two prior felony drug convictions with a burglary conviction, Dickerson ultimately only received one criminal history point from them. The PSR addressed whether granting a 1:1 crack to cocaine ratio would affect the defendant's guidelines and determined that it would not, due to the statutory mandatory minimum sentence of 120 months, which the government notes trumped the guidelines.

On August 12, 2010, this court sentenced the defendant to the statutory mandatory minimum sentence of 120 months with 8 years of supervised release.

Dickerson did not file a direct appeal. However, he did file a *pro se* motion/letter under 28 U.S.C. § 2255 alleging ineffective assistance of counsel and statutory ambiguity. The court then directed the defendant to file a form § 2255 petition to fully present his grounds. After the defendant failed to respond to the court's order, the court issued another order directing the defendant to inform the court whether he wished to amend, withdraw, or continue with his earlier letter/petition. In response, Dickerson filed a completed § 2255 form motion on May 2, 2011 (ECF No. 1423).

Dickerson raises one ground for relief, that is, his court-appointed attorney was ineffective for failing to object to the defendant not receiving a safety valve reduction at sentencing. The defendant contends that he was not aware of the safety value option at

2

sentencing.

After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion, after being given an extension of time within which to do so.

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that government's motion for summary judgment should be granted because the defendant's allegations are without merit.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1)    the date on which the judgment of conviction becomes final;

3

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

DISCUSSION

In order to qualify for the safety vale provision, the defendant must establish the existence of five requirements.  18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.  The burden is on the defendant to prove that all five safety vale prerequisites have been met.  *United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4th Cir. 1996).  These requirements are:

(1)    the defendant has no more than one criminal history point;

(2)    the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense;

(3)    the offense did not result in death or serious bodily injury;

(4)    the defendant was not an organizer or leader of others in the offense; and

(5)    the defendant provided truthful information to the government concerning the crime.

5

*Id.*  The government contends that the defendant failed to meet the fifth requirement as he did not provide truthful information to the government prior to his sentencing.

To satisfy the fifth requirement, the defendant must "truthfully provide [ ] to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *Id.* § 3553(f)(5).  This requires that the defendant disclose all he knows concerning both his involvement and that of any co-conspirators, not just that he has accepted responsibility for his own acts.  *United States v. Ivester*, 75 F.3d 182, 184 (4th Cir. 1996).

The preliminary and final PSR clearly stated that the government attorneys advised the United States Probation Office that the defendant did not provide full and complete information with regard to details about the conspiracy and that he was not eligible for the safety value at that time pursuant to U.S.S.G. §§ 2D1.1(b)(11) and 5C1.1.  PSR at ¶ 57.

At the sentencing hearing, the defendant, under oath, affirmatively responded to the court's inquiry if  he had enough time to read the PSR and discuss it with his attorney and that he understood that the PSR was an important document with regard to the determination of his sentence.  Counsel for the defendant, James Ervin, affirmed to the court that he had enough time to read the PSR and discuss it carefully with Dickerson.

Defendant's counsel also avers that he met with the defendant on June 25, 2010, where he reviewed the PSR and explained the government's position that the safety value provision was not available to him and the reasons therefor.  Additionally, Ervin states in his affidavit that he was informed by FBI Agent Stansbury, who conducted two debriefings with

6

the defendant and his attorney, that the Agent did not believe the defendant was being completely honest about his role in the conspiracy and other matters.

Had defense counsel filed an objection to the lack of the safety value reduction, the defendant would have been required to prove all five of the safety value provisions. It appears to this court, from the record and supporting affidavits, that Dickerson did not satisfy the fifth requirement. Therefore, had counsel objected and failed to convince the court of the same, the defendant might have risked losing his acceptance of responsibility or charges of perjury. Clearly counsel's strategy was concerned with leaving intact the defendant's favorable plea agreement to a lesser included conspiracy charge.

The defendant asserts in his response to the government's motion for summary judgment that after his review of the PSR and second interview with FBI Agent Stansbury, that the determination of whether the defendant was entitled to the safety value was left wholly to the court, not the government or defense counsel, to determine such entitlement.

While it is certainly true that the sentencing court may allow a downward departure upon a finding that all of the requirements of § 3553(f) are satisfied, here the court based its reasoning on the information provided in the PSR, the testimony at sentencing, and the affirmations of the defendant that he fully understood the PSR and its indication that the defendant did not qualify for the safety valve provision due to the government's position that Dickerson failed to meet the fifth requirement of the provision. This court finds no evidence that the defendant's statements previously made under oath affirming satisfaction with counsel were not knowingly, intelligently, and voluntarily made.

7

Here, the court finds that Dickerson has failed to meet his burden of showing that counsel's actions fell below the objective standard of reasonableness or that had counsel filed an objection, he would have proceeded to trial and not pled guilty. Further, the defendant has not proved that his attorney's alleged ineffective representation affected the outcome of his plea. Accordingly, this court finds that counsel's performance was not ineffective under *Strickland*, and that the defendant's claim must fail.

## CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit. Accordingly, the government's motion for summary judgment is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

August 23, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).