IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | CR No.:  3:09-cr-501 |
| ) | |
| v.    ) | ORDER |
| ) | |
| MARLON JERMAINE DICKERSON    ) | |
| ) | |
| _____   ) | |

This matter is before the court upon defendant's motion for a reduction of sentence (ECF No. 1513) filed pursuant to 18 U.S.C. § 3582.  The motion is based on the proposed Amendment 750 to the United States Sentencing Guidelines regarding crack cocaine offenses.[1]

---

[1] On August 3, 2010, the Fair Sentencing Act of 2010 became effective, altering the statutory penalties applicable to cocaine base offenses. Most notably, the Act increased the quantity of cocaine base subject to a mandatory minimum penalty of five years' imprisonment (absent a prior conviction for a felony drug offense) from 5 grams to 28 grams, and the quantity subject to a mandatory minimum penalty of 10 years' imprisonment (absent a prior conviction) from 50 grams to 280 grams.

The Fair Sentencing Act also directed the Sentencing Commission, within 90 days, to promulgate amendments to the Sentencing Guidelines reflecting the statutory changes. The Commission did so, and on October 21, 2010, adopted Amendment 748, which, in part, lowered the offense levels for crack cocaine offenses provided under Section 2D1.1. That emergency amendment became effective on November 1, 2010, and did not apply retroactively. Subsequently, on April 28, 2011, the Sentencing Commission submitted to Congress proposed amendments which include a provision (Amendment 750) which would make permanent the adjustments to Section 2D1.1, effective November 1, 2011. On June 30, 2011, the Commission voted to apply Amendment 750, part A (the part pertinent in this matter altering the offense levels applicable to quantities of crack cocaine) retroactively. Specifically, the Commission proposed to amend Section 1B1.10, effective November 1, 2011, to list Amendment 750, part A as retroactive. (The proposal includes other alterations to Section 1B1.10 with regard to a sentencing court's authority to apply a retroactive amendment and lower a sentence.)  In light of the Commission's action, this Court is without authority to apply Amendment 750 in this case until November 1, 2011.

Section 3582(c)(2) provides that a court may alter a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is Section 1B1.10, which designates which guideline

(continued...)

This motion is premature, as the Amendment does not become effective until November 1, 2011, and only then if not disapproved by Congress. For this reason, the motion is dismissed without prejudice and with leave to refile on or after November 1, 2011.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 6, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

¹(...continued) amendments apply retroactively, and the circumstances in which a court may afford retroactive relief. This policy statement is "binding." *Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010). The Supreme Court explained: The [Sentencing Reform Act] charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating "by what amount" the sentence of a prisoner serving a term of imprisonment affected by the amendment "may be reduced." § 994(u); *see also Braxton v. United States*, 500 U.S. 344, 348 [] (1991) (noting that the Commission implemented that power through § 1B1.10). *Dillon*, 130 S. Ct. at 2691 (footnote omitted). Thus, this Court must apply the version of Section 1B1.10 presently in effect, and heed the Sentencing Commission's statement that its latest amendment is not effective until November 1, 2011. *See United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008) (holding that where the Commission on December 10, 2007, voted to apply an amendment retroactively, and directed that this action be effective on March 3, 2008, prisoners would "have to wait" until March 3, 2008, to seek relief). Indeed, it is within Congress' authority to modify or disapprove the latest amendment prior to that date. *See* 28 U.S.C. § 994(p). *See, e.g., Williams v. United States*, 2008 WL 474112, *3 (D.N.J. 2008) ("Because Congress could override the Sentencing Commission's recent decision, the Court must take the more prudent course and wait until the effective date before considering any motions brought pursuant to § 3582(c)(2).").

2