IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARLON JERMAINE DICKERSON | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant, through counsel, for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

On August 12, 2010, the defendant was sentenced to 120 months imprisonment after pleading guilty to the lesser included charge in Count 1 of the Superseding Indictment which charged a conspiracy to possess with intent to distribute and distribution of 5 grams or more of cocaine base (crack) *and* 500 grams or more of cocaine. His offense conduct began at least in September 2008 and continued thereafter.

The defendant had two prior felony drug convictions which subjected him to enhanced penalties—a minimum sentence of Life—under 21 U.S.C. § 851. However, the government agreed to allow the defendant to plead to the lesser charge included in Count 1 which had the effect of lowering the defendant's statutory range from Life down to a mandatory minimum sentence of 120 months.

1

The defendant's adjusted offense level of 29 (base offense level of 32 minus 3 for acceptance of responsibility), coupled with a criminal history category of I, produced a guideline range of 87 to 108 months. Because the defendant had two prior felony convictions which he stipulated to in his plea agreement, the statute dictated a sentence of a mandatory minimum sentence of 120 months. 28 U.S.C. § 841(b). Under U.S.S.G. § 5G1.1(b), if a proposed guideline sentence is less than the mandatory minimum sentence, then the statute trumps the guidelines and the statutory sentence must be applied. Either way, the defendant's mandatory minimum sentence was driven by his prior convictions, not the crack drug amounts he was held accountable for.

After sentencing, the defendant did not file an appeal of his final judgment and commitment. He did file a motion under 28 U.S.C. § 2255 alleging his counsel failed to object to the defendant not receiving a safety valve reduction. The court denied the § 2255 motion on August 23, 2011, finding that the defendant had failed to meet all five of the safety valve provisions of U.S.S.G. § 5C1.1.[1]

Thereafter, the defendant filed a *pro se* motion to reduce his sentence under § 3582 based on Amendment 750 and the Fourth Circuit Court of Appeals decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[2] The court denied the § 3582 motion finding that

---

[1] Specifically, the court found that the defendant did not provide truthful information to the government concerning the crime, thus he was not eligible for the safety valve provision at sentencing. Had counsel filed an objection to the lack of the safety valve reduction, and Dickerson could not satisfy the fifth requirement, the defendant might have risked losing a 2-level departure for acceptance of responsibility or he could have faced perjury charges.

[2] *Simmons* dealt with the North Carolina state sentencing scheme in which a defendant's maximum
(continued...)

the defendant's reliance on *Simmons* was misplaced, and that Amendment 750 was not applicable to the defendant's sentence because he was subject to the statutory mandatory minimum.

The present § 3582 motion was filed on July 23, 2012 by the Assistant Federal Public Defender on behalf of the defendant. In addition to his request for a reduction of his sentence under Amendment 750, the defendant asserts that although he was sentenced after the Fair Sentencing Act was enacted on August 3, 2010, he was sentenced under the old statutory mandatory minimums dictated by pre-FSA law as his offense occurred before August 3, 2010. He argues that based on the FSA, he would no longer be subject to a mandatory minimum sentence for the offense to which he pled, i.e., 5 grams or more of crack cocaine. The defendant contends that his mandatory minimum is zero because he was sentenced after the FSA and because his offense involved less than 28 grams of crack, which is the new threshold for the 120-month mandatory minimum. The defendant argues that under the guideline amendments to the drug table effective November 11, 2011, the defendant would now be subject to, everything else being equal, a final offense level of 29, a criminal history category of I, and a range of 87 to 108 months. He further argues that if the total weight (580 grams) were treated as powder cocaine, the final offense level would be 23, criminal history I, with a range of 46 to 67 months.

---

²(...continued)
sentence is determined by a guidelines grid. The defendant's prior two felony convictions stemmed from convictions in Lexington County, South Carolina, which does not have a state sentencing grid like North Carolina. Thus, the defendant's reliance upon *Simmons* was misplaced.

First, a proceeding under § 3582(c)(2) is a limited action permitting only a limited adjustment to an otherwise final sentence and not a plenary sentencing proceeding. See *Dillon v. United States*, 130 S. Ct. 2683 (2010). The defendant's statutory mandatory minimum sentence was not a guideline provision, but a statutory requirement. Section 3582 only applies to retroactive *guideline* provision amendments such as Amendment 750. Section 2255, on the other hand, may be used to challenge a *statutory* provision of a sentence. Here, the defendant cannot utilize a § 3582 motion to seek a reduction of his sentence due to an alleged misapplication of a statutory provision. However, even were the defendant to have properly brought such a misapplication of a statutory provision argument via a § 2255 motion, his claim would still fail because his statutory sentence was based on his prior convictions, not the crack cocaine amounts which were changed by the FSA. Moreover, the statutory mandatory minimum penalties for 500 grams of cocaine remain unaffected by the FSA. So, whether he was sentenced before enactment or after the enactment, his sentence is unaffected by the FSA.

As the government notes in its brief in opposition to the motion, the defendant was held accountable for 480 grams of crack cocaine—an amount well above the FSA's lowest threshold of 28 grams of crack cocaine (which now requires the same 120-month statutory mandatory minimum), and well above the *highest* threshold drug quantity of 280 grams of crack cocaine (which now requires a 240-month statutory mandatory minimum). Moreover, the court sentenced the defendant using a 1 to 1 ratio of crack cocaine to cocaine, which is lower than the 18 to 1 standard under the FSA.

Regardless, the defendant is still subject to the statutory mandatory minimum sentence of 120 months based upon his stipulation to two prior felony drug convictions and as a result of his instant conviction involving 500 grams or more of cocaine powder. Neither the statutes under the FSA, nor the provisions of the Guidelines under Amendment 750, were altered with regard to cocaine powder.

Even if the defendant were eligible for a determination of the applicability of Amendment 750, he nevertheless would not be entitled to relief. First, the drug quantity originally adopted by the court was 480 grams of crack cocaine and 40 grams of powder cocaine. The defendant's amended total offense level was 29, arrived at by taking the original offense level of 32 minus 3 for acceptance of responsibility. With a new offense level of 29 and criminal history category of I, the new guideline range is 87 to 108 months—the same guideline range the defendant was sentenced to on August 12, 2010. Because there was no change in the guideline range, Amendment 750 is not applicable to the defendant. Moreover, the defendant was subject to the statutory mandatory minimum of 120 months.

With regard to the Fair Sentencing Act of 2010, the inclusion of Amendment 750 (parts A and D) in the Act only allows the *guideline* changes to be considered for retroactive application; it does not make any of the statutory changes in the FSA retroactive. Even though the defendant was sentenced two days after the FSA was enacted (which altered the statutory mandatory minimum requirements for crack cocaine offenses), the defendant still cannot change the fact his prior felony convictions and conviction on cocaine powder charges

dictate a statutory mandatory minimum sentence of 120 months.

For the foregoing reasons, the defendant's motion (ECF No. 1631) is denied.

IT IS SO ORDERED.

September 6, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge